Gregory J. Lundell (CA Bar. No. 234,941)
*greg.lundell@hglaw.com*
Donny K. Samporna (CA Bar. No. 316,456)
*donny.samporna@hglaw.com*
**HG LAW, LLP**
111 North Market Street, Suite 900
San Jose, CA 95113
Tel: (669) 213-1050 – Fax: (669) 500-7375

Brian N. Platt (pro hac vice forthcoming)
*bplatt@wnlaw.com*
Ryan C. Morris (pro hac vice forthcoming)
*rmorris@wnlaw.com*
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Tel: (801) 533-9800 – Fax: (801) 328-1707

*Attorneys for Plaintiff Denuvo GmbH*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENUVO GMBH,<br><br>*Plaintiff*,<br><br>vs.<br><br>VOICES38, an unknown individual or entity, and DOES 1-10,<br><br>*Defendants*. | Case No: 5:26-cv-10423<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 1201**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Denuvo GmbH ("Plaintiff" or "Denuvo"), by and through its undersigned counsel, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to obtain injunctive relief and recover damages arising from the circumvention of technological measures by Defendant voices38 that effectively control access to copyrighted works.

## PARTIES

2. Denuvo is an Austrian company with its principal place of business in Salzburg, Austria. Denuvo is the world leader in gaming security, protecting games on desktops, mobile devices, and consoles. Denuvo develops core technology and services for game publishers/platforms, independent software developers, e-publishers, and video publishers across the globe, enabling binary protection for games and enterprise applications across multiple platforms. Denuvo's gaming security solutions prevent piracy and expose cheats in competitive multiplayer games, empowering publishers to innovate while also protecting their revenue, the integrity of their games, and the gaming experience.

3. Defendant is a computer hacker going by the online alias "voices38," including on internet platforms such as Reddit. On information and belief, Defendant is an individual who has circumvented Denuvo's technological measures that effectively control access to copyrighted works. Defendant has further announced, posted, or disclosed online, including through Reddit, how to circumvent Denuvo's technological measures that effectively control access to copyrighted works, facilitating or allowing others to similarly circumvent those controls and access video games without authorization.

4. Defendant employs the username voices38 on Discord and has the User ID 1427416652684984397.

5. Defendant is associated with the following accounts on digital distribution platform Steam, owned and operated by Valve Corporation:

https://steamcommunity.com/profiles/76561199431115733

https://steamcommunity.com/profiles/76561198779407957

https://steamcommunity.com/profiles/76561199886659362

https://steamcommunity.com/profiles/76561199875355070

https://steamcommunity.com/profiles/76561199872834766

https://steamcommunity.com/profiles/76561198730942620

https://steamcommunity.com/profiles/76561198735927271

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over Plaintiff's claims arising under federal law pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1203 *et seq.* (anti-circumvention), and 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant based on Defendant's purposeful direction of Defendant's activities to this District. For instance, Defendant has disclosed on Reddit Defendant's circumvention of Denuvo's technological measures that effectively control access to copyrighted works. Reddit is headquartered in this District. Also, Defendant has used Discord to facilitate and further circumvention of Denuvo's technological measures. Discord Inc. is headquartered in this District.

8. Moreover, Defendant has circumvented technological measures for copyrighted works owned by Electronic Arts Inc., which is headquartered in this District. Defendant has expressly aimed Defendant's unlawful activity at this District by assailing measures protecting Electronic Arts' works and causing harm to Electronic Arts that Defendant knows is likely to be suffered in this District. Chief among those harms is facilitating copyright infringement by circumventing measures designed to protect the copyrighted works.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendant has sufficient connection with the District to make venue proper.

**GENERAL ALLEGATIONS**

10. Plaintiff is in the business of, and makes and continues to make a substantial investment of time, effort, and expense in, designing, developing, testing, manufacturing, publishing, marketing, distributing, and licensing computer software programs that provide gaming security, protecting games on desktop personal computers, mobile devices, and console devices.

11. Denuvo provides core technology and services for game publishers/platforms, independent software developers, e-publishers, and video publishers across the globe, enabling binary protection for games and enterprise applications across multiple platforms.

12. Denuvo's gaming security solutions prevent piracy and expose cheats in competitive multiple player games, empowering publishers to innovate while also protecting their revenue, the integrity of the game, and the gaming experience.

13. Among the security solutions provided by Denuvo is its Anti-Tamper product. Denuvo's Anti-Tamper protects video games by reinforcing platform-level digital rights management ("DRM").

14. DRM is the management of legal access to digital content, restricting the use of copyrighted works. DRM technologies govern the use, modification, and distribution of copyrighted works and of systems that enforce these policies within devices.

15. Denuvo's Anti-Tamper reinforces DRM to ensure only legitimate users can play a video game, thereby controlling access to the game.

16. Denuvo's Anti-Tamper also prevents reverse engineering, debugging, and unauthorized modifications of video games.

17. Denuvo has provided its Anti-Tamper product to numerous video game publishers to aid those publishers in protecting access to their copyrighted works. For instance, Denuvo has provided Anti-Tamper to publishers such as Sega, Ubisoft, Konami, Electronic Arts, Capcom, Game Science, Sony, 2K Games, Warner Bros. Games, and IO Interactive.

18. Various individuals, including computer hackers, seek to bypass or remove DRM for video games, including Denuvo's Anti-Tamper, the security measures developers and publishers use to prevent unauthorized access, copying, and distribution of video games.

19. Bypassing or removing DRM for a video game, including Denuvo's Anti-Tamper, is called "cracking" the game. Cracking a video game means modifying software so that it can be played without a legitimate license or copy protection.

20. Defendant is a computer hacker who is focused on reverse engineering, hacking, or "cracking" video games employing Denuvo's Anti-Tamper product.

21. Defendant operates anonymously but goes by the pseudonym "voices38."

22. Defendant has bypassed DRM restrictions in copyrighted works, removing protections that allow copyright owners to restrict who may access their works, and allowing for pirated versions of those copyrighted works. Such actions are referred to in video game parlance as having "cracked," or "cracking," the copyright protected video game.

23. By bypassing Denuvo's Anti-Tamper in copyrighted video games, Defendant has bypassed DRM restrictions in copyrighted works, removing protections that allow copyright owners to restrict who may access their works, and allowing for pirated versions of those copyrighted works.

24. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "Need for Speed Heat," which is published by video game publisher Electronic Arts Inc.

25. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "EA Sports FIFA 20," which is published by video game publisher Electronic Arts.

26. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "Star Wars: Squadrons," which is published by video game publisher Electronic Arts.

27. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "Need for Speed: Hot Pursuit Remastered," which is published by video game publisher Electronic Arts.

28. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the

creation and distribution of pirated versions of the video game "EA Sports FIFA 21," which is published by video game publisher Electronic Arts.

29. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "Hi-Fi Rush," which is published by video game publisher Bethesda.

30. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "F1 2021," which is published by video game publisher Electronic Arts.

31. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "Dead Space Remastered," which is published by video game publisher Electronic Arts.

32. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "Doom: The Dark Ages," which is published by video game publisher Bethesda.

33. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "Mafia: The Old Country," which is published by video game publisher 2k Games.

34. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "LEGO Batman: Legacy of the Dark Knight," which is published by video game publisher WB Games.

35. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the

creation and distribution of pirated versions of the video game "Hogwarts Legacy," which is published by video game publisher WB Games.

36. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "Total War: Three Kingdoms," which is published by video game publisher SEGA.

37. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "Starlink: Battle for Atlas," which is published by video game publisher Ubisoft.

38. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "Shining Resonance Refrain," which is published by video game publisher SEGA.

39. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "PES 2020," which is published by video game publisher Konami.

40. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "Shin Megami Tensei III Nocturne HD Remaster," which is published by video game publisher SEGA.

41. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game "Scott Pilgrim vs. The World," which is published by video game publisher Ubisoft.

42. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the

creation and distribution of pirated versions of the video game “Anno 1800,” which is published by video game publisher Ubisoft.

43. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game “Sonic Frontiers,” which is published by video game publisher SEGA.

44. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game “Assassin’s Creed Mirage,” which is published by video game publisher Ubisoft.

45. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game “Pragmata,” which is published by video game publisher Capcom.

46. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game “Resident Evil Requiem,” which is published by video game publisher Capcom.

47. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game “Black Myth Wukong,” which is published by video game publisher Game Science.

48. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the video game “Stellar Blade,” which is published by video game publisher Sony.

49. Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the

creation and distribution of pirated versions of the video game "007 First Light," which is published by video game publisher IO Interactive.

50. The video games for which Defendant has bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions by bypassing Denuvo Anti-Tamper are protected copyrighted works.

51. The publisher or owner of each copyright in each of the works for which Defendant has bypassed the Denuvo Anti-Tamper and thus bypassed DRM restrictions, removed copyright protections restricting unlawful access, and allowed for the creation and distribution of pirated versions of the works, contracted with Denuvo to use the Denuvo Anti-Tamper product to protect each work.

52. Many of the video games which are the subject of Defendant's unlawful activities are registered copyrighted works.

53. By way of example, Electronic Arts holds a copyright registration covering "Need for Speed Heat" under at least the registration Number PA 2-230-991.

54. Electronic Arts holds a copyright registration covering "EA Sports FIFA 20" under at least the registration Number PA 2-229-799.

55. Electronic Arts holds a copyright registration covering "Star Wars: Squadrons" under at least the registration number TX 8-974-168.

56. Electronic Arts holds a copyright registration covering "Need for Speed: Hot Pursuit" under at least the registration numbers PA 1-814-491, PA 1-818-406, PA 1-816-489.

57. Electronic Arts holds a copyright registration covering "EA Sports FIFA 21" under at least the registration number PA 2-325-105.

58. Bethesda's parent company ZeniMax Media holds a copyright registration covering "Hi-Fi Rush" under at least registration number TX 9-244-878.

59. Electronic Arts holds a copyright registration covering "F1 2021" under at least the registration number PA 2-349-275.

60. Electronic Arts holds a copyright registration covering "Dead Space Remastered" under at least the registration numbers PA 1-636-326, PA 1-636-290, PA 1-636-327.

61. 2k Games holds a copyright registration covering "Mafia: The Old Country" under at least the registration number PA 2-571-438.

62. WB Games' parent company Warner Bros. Entertainment holds a copyright registration covering "Hogwarts Legacy" under at least the registration number PA 2-418-653.

63. After bypassing the Denuvo Anti-Tamper for a video game, Defendant posted materials and instructions on the internet to facilitate others obtaining pirated or otherwise unauthorized versions of the video game that Defendant had cracked.

64. By way of illustration, a Reddit page for "voices38," the pseudonym used by Defendant, lists games that have been cracked by "voices38" with internet links to materials and instructions for accessing unauthorized copies of the video games. *See* https://www.reddit.com/user/voices38/submitted/.

65. On information and belief, Defendant's posting of materials and instructions after cracking video games has resulted in a tremendous number of individuals accessing and playing unlicensed, pirated copies of video games without proper authorization.

**Count One**

**(Violation of DMCA 17 U.S.C. § 1201(a)(1))**

66. Plaintiff realleges and incorporates by reference Paragraphs 1 through 64 as though fully set forth herein.

67. Defendant has circumvented a technological measure that effectively controls access to a protected copyrighted work in violation of 17 U.S.C. § 1201(a)(1).

68. Plaintiff's Denuvo Anti-Tamper is a technological measure that effectively controls access to a work because in the ordinary course of its operation, it requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work.

69. Defendant has circumvented Denuvo's Anti-Tamper by avoiding, bypassing, removing, deactivating, or impairing a technological measure, without the authority of the copyright owner for the work that the Denuvo Anti-Tamper was used to protect.

70. Defendant's unauthorized and unlawful circumvention of Denuvo's Anti-Tamper has injured and will continue to injure Plaintiff. Plaintiff is entitled to recover actual damages and Defendant's profits made as a result of his or her wrongful conduct, pursuant to 17 U.S.C. § 1203(c)(3). Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

71. Defendant has intentionally and willfully violated 17 U.S.C. § 1201(a)(1) by purposefully cracking games using Denuvo's Anti-Tamper.

72. Defendant has intentionally and willfully instructed others in the violation of 17 U.S.C. § 1201(a)(1) in the United States.

73. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 1203(b)(1) and to an order impounding any materials involved in violation of the Digital Millennium Copyright Act pursuant to 17 U.S.C. § 1203(b)(3). Defendant knew or should have known that cracking Denuvo's Anti-Tamper in video games and providing materials and instructions for others to give others unauthorized access to video games is unlawful and prohibited. Such violations have caused and will continue to cause Plaintiff irreparable harm, and Plaintiff has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, Defendant will continue to violate 17 U.S.C. § 1201(a)(1).

74. Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 1203.

**Count Two**

**(Violation of DMCA 17 U.S.C. § 1201(a)(2))**

75. Plaintiff realleges and incorporates by reference Paragraphs 1 through 73 as though fully set forth herein.

76. Defendant has offered to the public, provided, or otherwise trafficked in a technology, product, service, device, component, or part thereof that is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a copyrighted work.

77. Defendant made such offers to the public in the United States.

78. Plaintiff's Denuvo Anti-Tamper is a technological measure that effectively controls access to a work because in the ordinary course of its operation, it requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work.

79. Defendant has circumvented Denuvo's Anti-Tamper by avoiding, bypassing, removing, deactivating, or impairing a technological measure, without the authority of the copyright owner for the work that the Denuvo Anti-Tamper was used to protect.

80. After avoiding, bypassing, removing, deactivating, or impairing the Denuvo Anti-Tamper for a video game, Defendant offered materials and instructions for others to bypass Denuvo's Anti-Tamper and access the video game without authorization.

81. Defendant's offer of materials and instructions has no commercially significant purpose or use other than to circumvent Denuvo's Anti-Tramper.

82. Defendant, or others acting in concert with Defendant and with Defendant's knowledge, market the use of Defendant's materials and instructions to access video games without authorization.

83. Defendant's violations of 17 U.S.C. § 1201(a)(2) have injured and will continue to injure Plaintiff. Plaintiff is entitled to recover actual damages and Defendant's profits made as a result of his or her wrongful conduct, pursuant to 17 U.S.C. § 1203(c)(3). Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

84. Defendant has intentionally and willfully violated 17 U.S.C. § 1201(a)(2) by purposefully cracking games using Denuvo's Anti-Tamper and offering materials and information for others to access video games without authorization.

85. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 1203(b)(1) and to an order impounding any materials involved in violation of the Digital Millenium Copyright Act pursuant to 17 U.S.C. § 1203(b)(3). Defendant knew or should have known that cracking Denuvo's Anti-Tamper in video games and providing materials and instructions for others to give others unauthorized access to video games is unlawful and prohibited. Such violations have caused and will continue to cause Plaintiff irreparable harm, and Plaintiff has no adequate remedy at law

to redress any such continued violations. Unless restrained by this Court, Defendant will continue to violate 17 U.S.C. § 1201(a)(2).

86. Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 1203.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

1) That the Court enter judgment against Defendant finding:
    a. That Defendant has willfully violated the anti-circumvention and related provisions of the Digital Millennium Copyright Act, in violation of 17 U.S.C. § 1201, *et seq.*;
    b. That Defendant has otherwise injured Plaintiff's goodwill and business reputation by the acts and conduct set forth in this Complaint.
2) That the Court issue temporary and/or preliminary injunctive relief enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert or conspiracy with Defendant or affiliated with Defendant, from
    a. circumventing Denuvo's Anti-Tamper in any past, present, or future video game;
    b. manufacturing, offering, distributing, providing, or trafficking in any technology, product, service, device, component, or part thereof that is designed or produced for the purpose of circumventing Denuvo's Anti-Tamper;
    c. assisting, aiding, or abetting any other person or entity in engaging in or performing any activity referred to in subparagraphs (a) or (b) above.
3) That the Court issue a permanent injunction making permanent the orders requested in paragraphs 2(a) and 2(b) of this Prayer for Relief;
4) That the Court order Defendant to pay Plaintiff's general, special, actual, and statutory damages, including Plaintiff's damages and Defendant's profits pursuant to 17 U.S.C. § 1203(c)(2) or, alternatively, statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

5) That the Court enter an order, pursuant to 17 U.S.C. § 1203(c), requesting Defendant to prepare an accounting of all "profits" received by Defendant from his or her violations of the DMCA.

6) That the Court enter an order, pursuant to 17 U.S.C. § 1203(c), declaring that Defendant hold in trust, as constructive trustee for the benefit of Plaintiff, all "profits" received by Defendant from his or her violations of the DMCA, and issue temporary, preliminary, and permanent injunctive relief enjoining and restraining Defendant and his or her agents from transferring, concealing, or dissipating all profits and assets acquired in whole or in part with those profits.

7) That the Court issue an order requiring Defendant within thirty (30) days after service of an injunction to file with this Court and serve on Plaintiff a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

8) That the Court award Plaintiff its reasonable attorney's fees pursuant to 17 U.S.C. § 1203;

9) That the Court award Plaintiff its costs of suit incurred herein; and

10) That the Court grant Plaintiff such other and additional relief as is just and proper.

DATED this 14th day of September, 2026.

*/s/ Donny Samporna*

Gregory J. Lundell
*greg.lundell@hglaw.com*
Donny K. Samporna
*donny.samporna@hglaw.com*
**HG LAW, LLP**
111 North Market Street, Suite 900
San Jose, CA 95113
Tel: (669) 213-1080 – Fax: (669) 500-7375

*and*
Brian N. Platt (*pro hac vice forthcoming*)
*bplatt@wnlaw.com*
Ryan C. Morris (*pro hac vice forthcoming*)
*rmorris@wnlaw.com*
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Tel: (801) 533-9800 – Fax: (801) 328-1707

*Attorneys for Denuvo GmbH*

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules for Civil Procedure, Plaintiff Denuvo GmbH hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

DATED this 14th day of September, 2026.

*/s/ Donny Samporna*

Gregory J. Lundell
*greg.lundell@hglaw.com*
Donny K. Samporna
*donny.samporna@hglaw.com*
**HG LAW, LLP**
111 North Market Street, Suite 900
San Jose, CA 95113
Tel: (669) 213-1080 – Fax: (669) 500-7375

*and*
Brian N. Platt (*pro hac vice forthcoming*)
*bplatt@wnlaw.com*
Ryan C. Morris (*pro hac vice forthcoming*)
*rmorris@wnlaw.com*
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Tel: (801) 533-9800 – Fax: (801) 328-1707

*Attorneys for Denuvo GmbH*