Gregory J. Lundell (CA Bar. No. 234,941)
*greg.lundell@hglaw.com*
Donny K. Samporna (CA Bar. No. 316,456)
*donny.samporna@hglaw.com*
**HG LAW, LLP**
111 North Market Street, Suite 900
San Jose, CA 95113
Tel: (669) 213-1050 – Fax: (669) 500-7375

Brian N. Platt *(pro hac vice pending)*
*bplatt@wnlaw.com*
Ryan C. Morris *(pro hac vice pending)*
*rmorris@wnlaw.com*
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Tel: (801) 533-9800 – Fax: (801) 328-1707

*Attorneys for Plaintiff Denuvo GmbH*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| DENUVO GMBH,<br><br>*Plaintiff*,<br><br>vs.<br><br>VOICES38, an unknown individual or entity, and DOES 1-10,<br><br>*Defendants*. | Case No: 4:26-cv-10423-HSG<br><br>**DECLARATION OF RYAN C. MORRIS IN SUPPORT OF *EX PARTE* MOTION FOR EXPEDITED DISCOVERY**<br><br>Judge: Haywood S. Gilliam, Jr. |

I, Ryan C. Morris, declare under criminal penalty of the State of Utah that the following is true and correct.

1. I am a member of good standing of the Utah State Bar and D.C. Bar.

2. I am a shareholder with the law firm of Workman Nydegger, representing Plaintiff Denuvo GmbH ("Denuvo") in the above-captioned case. I am over the age of eighteen and am competent to testify to all matters contained herein. This declaration is made in support of the *Ex Parte* Motion for Expedited Discovery (the "Motion").

3. The purpose of the accompanying Motion is to conduct expedited, limited discovery before the Rule 26(f) conference to determine the contact information for Defendant voices38, an unknown individual or entity ("Defendant").

4. Denuvo has sought to determine the identity and location of Defendant through various investigations.

5. Denuvo's investigation has determined that Defendant employs the username voice38 on Discord, which is an online platform for voice, video, and text chat. Denuvo has further determined that Defendant's User ID on Discord is 1427416652684984397.

6. Denuvo's investigation has further determined that Defendant is associated with several accounts on the digital distribution platform Steam, which is owned and operated by Valve Corporation. Those accounts are:

https://steamcommunity.com/profiles/76561199431115733;

https://steamcommunity.com/profiles/76561198779407957;

https://steamcommunity.com/profiles/76561199886659362;

https://steamcommunity.com/profiles/76561199875355070;

https://steamcommunity.com/profiles/76561199872834766;

https://steamcommunity.com/profiles/76561198730942620; and

https://steamcommunity.com/profiles/76561198735927271.

7. Denuvo's investigation has further uncovered various cryptocurrency transactions by Defendant on the cryptocurrency exchange FixedFloat. Denuvo has identified transactions involving Bitcoin, Ethereum, and Solana cryptocurrencies.

8. Denuvo's investigation has further determined that Defendant is associated with a Reddit page.

9. After filing this case against Defendant, counsel for Denuvo contacted Discord, Inc., Valve Corporation, and Reddit, Inc., requesting information about Defendant in an effort to effect service. These companies responded that their privacy policies prohibited them from disclosing nonpublic information without compulsory legal process.[1]

10. Attached at Exhibit A is the proposed subpoena Denuvo intends to issue to non-party Discord, Inc.

11. Attached as Exhibit B is the proposed subpoena Denuvo intends to issue to non-party Valve Corporation.

12. Attached as Exhibit C is the proposed subpoena Denuvo intends to issue to non-party Reddit, Inc.

In accordance with Utah Code § 78B-5-705, I declare under criminal penalty of the State of Utah that the foregoing is true and correct.

[1] As of the date of this Declaration, Discord has not responded to my requests for information. Discord's privacy policy prevents disclosing information unless compelled to do so by court order. Discord Privacy Policy accessible at https://discord.com/privacy (last retrieved Oct. 2, 2026).

WORKMAN NYDEGGER

DATED this 2nd day of October, 2026.

*/s/ Ryan C. Morris*

Ryan C. Morris

## ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)

Pursuant to Local Rule 5-1(i)(3), I, Donny K. Samporna, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

DATED this 2nd day of October, 2026.

*/s/ Donny Samporna*
Donny K. Samporna

# Exhibit A

# UNITED STATES DISTRICT COURT

for the

Northern District of California

Denuvo GmbH,
*Plaintiff*
v.
Voices38 and Does 1-10,
*Defendant*

Civil Action No. 4:26-cv-10423

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Discord, Inc. c/o 1505 Corporation, CT Corporation System
330 N. Brand Blvd., Glendale, CA

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: HG Law, LLP<br>111 N. Market St., Ste 900<br>San Jose, CA 95113 | Date and Time:<br>10/20/2026 12:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

______________________ *Signature of Clerk or Deputy Clerk*

______________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Denuvo GmbH , who issues or requests this subpoena, are:

HG Law, Donny Samporna, 111 N. Market St., Ste 900, San Jose, CA, donny.samporna@hglaw.com (669)213-1050

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:26-cv-10423

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* __________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________________________
______________________________ on *(date)* __________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINTIIONS**

1. The instructions and requests below are subject to and incorporate the following definitions and instructions, regardless of whether upper or lower case letters are used:

2. "Discord," "You," or "Your" means Discord, Inc., including its agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether foreign or domestic that are owned or controlled by any such entities, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by any such entities, as well as the agents, officers, directors, employees, consultants, representatives, and attorneys of any such entities.

3. "Document" shall be construed under the broadest possible construction under Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. The term Includes any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, file, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature Including originals, drafts, and all non-identical copies of each Document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "Document" as used herein shall include: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams;

telexes; emails; metadata; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten and typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; patents and patent application materials; patent appraisals; printed publications; trademark applications, certificates of registration, opinions of counsel; memoranda of agreements, assignments, licenses; reports of or summaries of either negotiations within or without the corporation or preparations for such; and all other tangible items of readable, recorded, or visual material of any kind.

4. “Communication” means any transmittal, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question, or other information by any medium, whether by written, or oral, or other means, Including electronic communications and electronic mail.

5. “Person” means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person’s behalf.

6. “Thing” means any tangible objects of any kind and nature other than a Document, Including prototypes, models, and physical specimens thereof.

7. “Refer to,” “referring to,” “relate to,” “related to,” “relating to,” “regarding,” or “concerning” means in whole or in part constituting, containing, contradicting, embodying, commenting on, depicting, demonstrating, refuting, evidencing, representing, discussing, reflecting, describing, analyzing, identifying, mentioning, stating, summarizing, bearing upon,

pertaining to, comprising, involving, alluding to, commenting on, referring directly or indirectly to, dealing with, or in any way pertaining to.

8. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The terms "any," "all," "every," and "each" each means and includes the other.

10. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

11. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12. "Include" and "including" mean including without limitation.

**INSTRUCTIONS**

1. Produce all responsive Documents, electronically stored information, and Things in Your possession, custody, or control, wherever located, in a manner in which they are maintained.

2. State, for reach request, whether or not there exist any Documents within the scope of the request and whether any such Documents are in Your possession, custody, or control.

3. If any Document is withheld from production on the basis of privilege, immunity, or any similar claim, please specify: (i) the state of the Document; (ii) the subject matter of the Document; (iii) the type of Document (memorandum, pamphlet, report, etc.); (iv) such other information as is sufficient to identify the Document, Including, where appropriate, the author, addressee, and any other recipient of the Document, and where not apparent, the relationship of the author, addressee, and any other recipient of each other; and (v) an explanation of the basis for withholding the Document.

4. If You object to the scope or breadth of any request, respond within the scope or breadth of production You contend is proper and define the scope or breadth in which You have responded.

**REQUESTS FOR PRODUCTION**

1. Documents and Things sufficient to show the account registration details for the account with username "voices38" and User ID 1427416652684984397, including the registered email address(es) and any associated email address(es), username history, and date and time of account creation.

2. Documents and Things sufficient to show subscriber information for the account with username "voices38" and User ID 1427416652684984397, including the name and physical address for the subscriber and any linked, associated, or connected phone numbers.

3. Documents and Things sufficient to show the login and access logs for the account with username "voices38" and User ID 1427416652684984397, including any IP address(es) (with timestamps) or session metadata.

4. Documents and Things sufficient to show the linked account(s) and identifier(s) for the account with username "voices38" and User ID 1427416652684984397, including any payment methods associated with the account or any connected third-party services.

5. Documents and Things sufficient to show the content metadata for the account with username "voices38" and User ID 1427416652684984397, including any server membership, role assignments, or account activity timestamps.

# Exhibit B

# UNITED STATES DISTRICT COURT

for the

Northern District of California

Denuvo GmbH,
*Plaintiff*
v.
Voices38 and Does 1-10,
*Defendant*

Civil Action No. 4:26-cv-10423

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Valve Corporation c/o CT Corporation System
711 Capitol Way S, Ste 204, Olympia, WA 98501-1267

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Seattle In-House Counsel Services<br>4331 NE 42nd St., Seattle, WA 98105 | Date and Time:<br>10/20/2026 12:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ________________

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Denuvo GmbH , who issues or requests this subpoena, are:

HG Law, Donny Samporna, 111 N. Market St., Ste 900, San Jose, CA, donny.samporna@hglaw.com (669)213-1050

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:26-cv-10423

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINTIIONS

1. The instructions and requests below are subject to and incorporate the following definitions and instructions, regardless of whether upper or lower case letters are used:

2. "Valve," "You," or "Your" means Valve Corporation, including its agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether foreign or domestic that are owned or controlled by any such entities, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by any such entities, as well as the agents, officers, directors, employees, consultants, representatives and attorneys of any such entities.

3. "Document" shall be construed under the broadest possible construction under Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. The term Includes any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, file, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature Including originals, drafts, and all non-identical copies of each Document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "Document" as used herein shall include: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams;

telexes; emails; metadata; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten and typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; patents and patent application materials; patent appraisals; printed publications; trademark applications, certificates of registration, opinions of counsel; memoranda of agreements, assignments, licenses; reports of or summaries of either negotiations within or without the corporation or preparations for such; and all other tangible items of readable, recorded, or visual material of any kind.

4. "Communication" means any transmittal, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question, or other information by any medium, whether by written, or oral, or other means, Including electronic communications and electronic mail.

5. "Person" means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

6. "Thing" means any tangible objects of any kind and nature other than a Document, Including prototypes, models, and physical specimens thereof.

7. "Refer to," "referring to," "relate to," "related to," "relating to," "regarding," or "concerning" means in whole or in part constituting, containing, contradicting, embodying, commenting on, depicting, demonstrating, refuting, evidencing, representing, discussing, reflecting, describing, analyzing, identifying, mentioning, stating, summarizing, bearing upon,

pertaining to, comprising, involving, alluding to, commenting on, referring directly or indirectly to, dealing with, or in any way pertaining to.

8. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The terms "any," "all," "every," and "each" each means and includes the other.

10. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

11. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12. "Include" and "including" mean including without limitation.

**INSTRUCTIONS**

1. Produce all responsive Documents, electronically stored information, and Things in Your possession, custody, or control, wherever located, in a manner in which they are maintained.

2. State, for reach request, whether or not there exist any Documents within the scope of the request and whether any such Documents are in Your possession, custody, or control.

3. If any Document is withheld from production on the basis of privilege, immunity, or any similar claim, please specify: (i) the state of the Document; (ii) the subject matter of the Document; (iii) the type of Document (memorandum, pamphlet, report, etc.); (iv) such other information as is sufficient to identify the Document, Including, where appropriate, the author, addressee, and any other recipient of the Document, and where not apparent, the relationship of the author, addressee, and any other recipient of each other; and (v) an explanation of the basis for withholding the Document.

4. If You object to the scope or breadth of any request, respond within the scope or breadth of production You contend is proper and define the scope or breadth in which You have responded.

**REQUESTS FOR PRODUCTION**

1. Documents and Things sufficient to show the account registration data and information for https://steamcommunity.com/profiles/76561199431115733, including any registered email address or username, or username history.

2. Documents and Things sufficient to show the account registration data and information for https://steamcommunity.com/profiles/76561198779407957, including any registered email address or username, or username history.

3. Documents and Things sufficient to show the account registration data and information for https://steamcommunity.com/profiles/76561199886659362, including any registered email address or username, or username history.

4. Documents and Things sufficient to show the account registration data and information for https://steamcommunity.com/profiles/76561199875355070, including any registered email address or username, or username history.

5. Documents and Things sufficient to show the account registration data and information for https://steamcommunity.com/profiles/76561199872834766, including any registered email address or username, or username history.

6. Documents and Things sufficient to show the account registration data and information for https://steamcommunity.com/profiles/76561198730942620, including any registered email address or username, or username history.

7. Documents and Things sufficient to show the account registration data and information for https://steamcommunity.com/profiles/76561198735927271, including any registered email address or username, or username history.

8. Documents and Things sufficient to show the subscriber information and data for https://steamcommunity.com/profiles/76561199431115733, including any name or billing address.

9. Documents and Things sufficient to show the subscriber information and data for https://steamcommunity.com/profiles/76561198779407957, including any name or billing address.

10. Documents and Things sufficient to show the subscriber information and data for https://steamcommunity.com/profiles/76561199886659362, including any name or billing address.

11. Documents and Things sufficient to show the subscriber information and data for https://steamcommunity.com/profiles/76561199875355070, including any name or billing address.

12. Documents and Things sufficient to show the subscriber information and data for https://steamcommunity.com/profiles/76561199872834766, including any name or billing address.

13. Documents and Things sufficient to show the subscriber information and data for https://steamcommunity.com/profiles/76561198730942620, including any name or billing address.

14. Documents and Things sufficient to show the subscriber information and data for https://steamcommunity.com/profiles/76561198735927271, including any name or billing address.

15. Documents and Things sufficient to show any payment information and data for https://steamcommunity.com/profiles/76561199431115733, including payment methods used and any transaction history.

16. Documents and Things sufficient to show any payment information and data for https://steamcommunity.com/profiles/76561198779407957, including payment methods used and any transaction history.

17. Documents and Things sufficient to show any payment information and data for https://steamcommunity.com/profiles/76561199886659362, including payment methods used and any transaction history.

18. Documents and Things sufficient to show any payment information and data for https://steamcommunity.com/profiles/76561199875355070, including payment methods used and any transaction history.

19. Documents and Things sufficient to show any payment information and data for https://steamcommunity.com/profiles/76561199872834766, including payment methods used and any transaction history.

20. Documents and Things sufficient to show any payment information and data for https://steamcommunity.com/profiles/76561198730942620, including payment methods used and any transaction history.

21. Documents and Things sufficient to show any payment information and data for https://steamcommunity.com/profiles/76561198735927271, including payment methods used and any transaction history.

22. Documents and Things sufficient to show the login and activity logs for https://steamcommunity.com/profiles/76561199431115733, including any internet protocol (IP) address(es) with timestamps and device identifies.

23. Documents and Things sufficient to show the login and activity logs for https://steamcommunity.com/profiles/76561198779407957, including any internet protocol (IP) address(es) with timestamps and device identifies.

24. Documents and Things sufficient to show the login and activity logs for https://steamcommunity.com/profiles/76561199886659362, including any internet protocol (IP) address(es) with timestamps and device identifies.

25. Documents and Things sufficient to show the login and activity logs for https://steamcommunity.com/profiles/76561199875355070, including any internet protocol (IP) address(es) with timestamps and device identifies.

26. Documents and Things sufficient to show the login and activity logs for https://steamcommunity.com/profiles/76561199872834766, including any internet protocol (IP) address(es) with timestamps and device identifies.

27. Documents and Things sufficient to show the login and activity logs for https://steamcommunity.com/profiles/76561198730942620, including any internet protocol (IP) address(es) with timestamps and device identifies.

28. Documents and Things sufficient to show the login and activity logs for https://steamcommunity.com/profiles/76561198735927271, including any internet protocol (IP) address(es) with timestamps and device identifies.

29. Documents and Things sufficient to show any accounts linked to https://steamcommunity.com/profiles/76561199431115733, including any associated Steam IDs and links to accounts external to You.

30. Documents and Things sufficient to show any accounts linked to https://steamcommunity.com/profiles/76561198779407957, including any associated Steam IDs and links to accounts external to You.

31. Documents and Things sufficient to show any accounts linked to https://steamcommunity.com/profiles/76561199886659362, including any associated Steam IDs and links to accounts external to You.

32. Documents and Things sufficient to show any accounts linked to https://steamcommunity.com/profiles/76561199875355070, including any associated Steam IDs and links to accounts external to You.

33. Documents and Things sufficient to show any accounts linked to https://steamcommunity.com/profiles/76561199872834766, including any associated Steam IDs and links to accounts external to You.

34. Documents and Things sufficient to show any accounts linked to https://steamcommunity.com/profiles/76561198730942620, including any associated Steam IDs and links to accounts external to You.

35. Documents and Things sufficient to show any accounts linked to https://steamcommunity.com/profiles/76561198735927271, including any associated Steam IDs and links to accounts external to You.

# Exhibit C

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Denuvo GmbH,<br>*Plaintiff*<br>v.<br>Voices38 and Does 1-10,<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:26-cv-10423 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Reddit, Inc. c/o 1505 Corp, Corporation Service
2710 Gateway Oaks Dr., Sacramento, CA

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: | Date and Time: |
|---|---|
| HG Law, LLP<br>111 N. Market St., Ste 900<br>San Jose, CA 95113 | 10/20/2026 12:00 am |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____________

*CLERK OF COURT*

OR

______________________________ ______________________________

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Denuvo GmbH , who issues or requests this subpoena, are:

HG Law, Donny Samporna, 111 N. Market St., Ste 900, San Jose, CA, donny.samporna@hglaw.com (669)213-1050

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:26-cv-10423

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________________________________
______________________________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________ ______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINTIIONS**

1. The instructions and requests below are subject to and incorporate the following definitions and instructions, regardless of whether upper or lower case letters are used:

2. "Reddit" "You," or "Your" means Reddit, Inc., including their agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether foreign or domestic that are owned or controlled by any such entities, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by any such entities, as well as the agents, officers, directors, employees, consultants, representatives and attorneys of any such entities.

3. "Document" shall be construed under the broadest possible construction under Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. The term Includes any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, file, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature Including originals, drafts, and all non-identical copies of each Document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "Document" as used herein shall include: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams;

telexes; emails; metadata; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten and typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; patents and patent application materials; patent appraisals; printed publications; trademark applications, certificates of registration, opinions of counsel; memoranda of agreements, assignments, licenses; reports of or summaries of either negotiations within or without the corporation or preparations for such; and all other tangible items of readable, recorded, or visual material of any kind.

4. “Communication” means any transmittal, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question, or other information by any medium, whether by written, or oral, or other means, Including electronic communications and electronic mail.

5. “Person” means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person’s behalf.

6. “Thing” means any tangible objects of any kind and nature other than a Document, Including prototypes, models, and physical specimens thereof.

7. “Refer to,” “referring to,” “relate to,” “related to,” “relating to,” “regarding,” or “concerning” means in whole or in part constituting, containing, contradicting, embodying, commenting on, depicting, demonstrating, refuting, evidencing, representing, discussing, reflecting, describing, analyzing, identifying, mentioning, stating, summarizing, bearing upon,

pertaining to, comprising, involving, alluding to, commenting on, referring directly or indirectly to, dealing with, or in any way pertaining to.

8. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The terms "any," "all," "every," and "each" each means and includes the other.

10. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

11. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12. "Include" and "including" mean including without limitation.

**INSTRUCTIONS**

1. Produce all responsive Documents, electronically stored information, and Things in Your possession, custody, or control, wherever located, in a manner in which they are maintained.

2. State, for reach request, whether or not there exist any Documents within the scope of the request and whether any such Documents are in Your possession, custody, or control.

3. If any Document is withheld from production on the basis of privilege, immunity, or any similar claim, please specify: (i) the state of the Document; (ii) the subject matter of the Document; (iii) the type of Document (memorandum, pamphlet, report, etc.); (iv) such other information as is sufficient to identify the Document, Including, where appropriate, the author, addressee, and any other recipient of the Document, and where not apparent, the relationship of the author, addressee, and any other recipient of each other; and (v) an explanation of the basis for withholding the Document.

4. If You object to the scope or breadth of any request, respond within the scope or breadth of production You contend is proper and define the scope or breadth in which You have responded.

**REQUESTS FOR PRODUCTION**

1. Documents and Things sufficient to show the account registration data and information for Reddit user “voices38,” including any registered email address and the account creation date.

2. Documents and Things sufficient to show subscriber information and data for Reddit user “voices38,” including any linked or verified identifiers.

3. Documents and Things sufficient to show the login and activity metadata related to Reddit user “voices38,” including any internet protocol (IP) address logs (with timestamps) and any session or access logs.

4. Documents and Things sufficient to show the account activity for Reddit user “voices38,” including any posting and commenting history (including metadata) and any subreddit memberships and participation patterns.

5. Documents and Things sufficient to show the posts and comments from Reddit user “voices38.”

6. Documents and Things sufficient to show any accounts linked to Reddit user “voices38,” including any associated social logins or external connections.