UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENUVO GMBH,

Plaintiff,

v.

VOICES38,

Defendant.

Case No. 26-cv-10423-HSG

**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY**

Re: Dkt. No. 15

Before the Court is Plaintiff's *Ex Parte* Motion for Expedited Discovery to serve third-party subpoenas prior to the Federal Rule of Civil Procedure 26(f) conference. Dkt. No. 15. The Court **GRANTS** the *ex parte* motion for the reasons below.

Plaintiff does not know the identity of or have contact information for the Defendant and is therefore unable to properly effect service. Dkt. No. 15-1. In these circumstances, courts have granted plaintiffs the opportunity to conduct early discovery for the narrowly tailored purpose of identifying the defendant and determining where they may be served. *See e.g., Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Courts generally require the moving party to: "(1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information." *See, e.g., Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-580 (N.D. Cal. 1999); *Alo, LLC v. Fang*, No. 25-CV-11126-PHK, 2026 WL 1725893 * 4 (N.D. Cal. June 15, 2026); *Ebates, Inc. v. Does*, No. 16-CV-01925-JST, 2016 WL 2344199 * 1 (N.D.

United States District Court
Northern District of California

Cal. May 3, 2016). Ultimately, the decision whether to grant early discovery under Rule 26(d) is within the Court's discretion. *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998).

Here, the Court finds that Plaintiff has shown good cause to proceed with early discovery for the purpose of identifying and serving the Defendant. Plaintiff may serve Discord, Inc., Valve Corporation, and Reddit, Inc. with the narrowly tailored subpoenas attached to Dkt. No. 25 to identify the Defendant and effect proper service.[1]

**IT IS SO ORDERED.**

Dated: 10/16/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge

[1] At the Court's direction, Plaintiff substantially narrowed the scope of its initial requests, and the Court is satisfied that the revised requests are appropriately tailored to seek only the information warranted at this preliminary stage. Dkt. Nos. 24, 25.