Gregory J. Lundell (CA Bar No. 234,941)
*greg.lundell@hglaw.com*
Donny K. Samporna (CA Bar No. 316,456)
*donny.samporna@hglaw.com*
**HG LAW LLP**
111 North Market Street, Suite 900
San Jose, California 95113
Tel: (669) 213-1050, Fax: (669) 500-7375

Brian N. Platt *(pro hac vice)*
*bplatt@wnlaw.com*
Ryan C. Morris *(pro hac vice)*
*rmorris@wnlaw.com*
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Tel: (801) 533-9800, Fax: (801) 328-1707

*Attorneys for Plaintiff Denuvo GmbH*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| DENUVO GMBH,<br><br>Plaintiff,<br><br>v.<br><br>VOICES38, an unknown individual or entity, and DOES 1-10,<br><br>Defendants. | Case No. 4:26-cv-10423-HSG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF DENUVO GMBH'S *EX PARTE* MOTION TO EXTEND THE DEADLINE FOR SERVICE AND TO CONTINUE THE INITIAL CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES**<br><br>Judge: Haywood S. Gilliam, Jr. |

## I. INTRODUCTION

Plaintiff Denuvo GmbH ("Denuvo") has worked diligently to determine the true identity and location of Defendant voices38 ("Defendant") since before this suit was filed. The Court found good cause for early discovery and authorized subpoenas to Discord, Valve, and Reddit so that Denuvo could identify and serve Defendant. Dkt. No. 26. Those subpoenas have not yet identified Defendant. Discord produced only an anonymized record in which the account appears under a

"deleted_user" username, and Reddit objected and declined to produce. Valve produced records for seven Steam accounts, but they list seven different email addresses and locations in many countries, and one of the accounts was deleted the day the Court authorized the subpoenas. Declaration of Ryan C. Morris ("Decl.") ¶¶ 6-12.

The Rule 4(m) deadline is December 14, 2026, and the initial case management conference ("CMC") is January 12, 2027. Denuvo requires more time to obtain Defendant's identity and serve the complaint. Denuvo therefore seeks a 90-day extension of the service deadline and a matching continuance of the CMC and its related deadlines.

## II. BACKGROUND

### A. Defendant Operates Anonymously Online.

Denuvo filed this action on September 14, 2026 against voices38, "an unknown individual or entity," and Does 1-10. Dkt. No. 1. Defendant operates anonymously under the pseudonym "voices38" on platforms including Reddit, Discord, and Valve's Steam service. *Id.* ¶¶ 3-5, 21.

### B. The Court Authorized Subpoenas to Identify Defendant.

Eighteen days after filing, Denuvo moved *ex parte* for leave to serve subpoenas on Discord, Valve, and Reddit. Dkt. No. 15. Denuvo narrowed its requests six days after the Court's order to show cause. Dkt. Nos. 24, 25. On October 16, 2026, the Court found that Denuvo "does not know the identity of or have contact information for the Defendant and is therefore unable to properly effect service." Dkt. No. 26 at 1. The Court authorized the subpoenas "to identify the Defendant and effect proper service." *Id.* at 2.

### C. The Subpoena Responses Have Not Identified Defendant.

Discord and Reddit were served with their subpoenas, and Valve received its subpoena by email, on October 19, 2026, three days after the Court's order. Decl. ¶ 5. Compliance was due November 3, 2026. *Id.*

Discord responded on October 23, 2026 with a one-page record for the account. *Id.* ¶ 6. The record lists the username as "deleted_user_6ea778fffa59#0" and reports "Not found" for the email address, telephone number, registration IP address, and last-seen IP address. *Id.* ¶ 7. Discord stated

that it "generally does not possess legal names or other personal information" because it does not require users to provide that information when they create an account. *Id.*

Reddit served objections on October 30, 2026 and stated that it "will not produce documents responsive to this request as drafted." *Id.* ¶ 8.

Valve produced records for each of the seven Steam accounts identified in its subpoena on October 28, 2026. Decl. ¶ 9. The records do not identify Defendant. *Id.* ¶ 10. No account lists a name or location in its public profile, the accounts use seven different email addresses, and the billing names and addresses differ from account to account. *Id.* The billing information and login IP addresses reflect locations in many countries. *Id.*

One of the Steam accounts was created on October 13, 2025, the same day the Discord account was registered. *Id.* ¶ 11. Most logins to that Steam account came from IP addresses that Valve associates with locations in Germany. *Id.* On October 16, 2026, the day the Court authorized the subpoenas, the account's email address was changed to "Terminated" and its player name to "[deleted]" in Valve's records. *Id.*

**D. <u>The Current Schedule.</u>**

The Clerk's scheduling order set the ADR Certification and the Rule 26(f) meet and confer for November 25, 2026, initial disclosures and the case management statement for December 9, 2026, and the initial CMC for December 16, 2026. Dkt. No. 5. After reassignment, the Court reset the initial CMC to January 12, 2027, with the case management statement due January 5, 2027. Dkt. Nos. 12, 17. The reassignment order stated that ADR compliance deadlines "remain unchanged." Dkt. No. 11.

Denuvo's counsel could not certify that Denuvo conferred with Defendant's counsel regarding the ADR process because no counsel for Defendant has appeared. Decl. ¶ 15. *See* Civil L.R. 16-8(b). Denuvo has not previously asked to change any deadline, and no trial or other dates have been set. Decl. ¶ 17.

## III. DISCUSSION

### A. Good Cause Exists to Extend the Service Deadline by 90 Days.

#### 1. The Governing Standard

Rule 4(m) requires a two-step analysis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). First, upon a showing of good cause, the court must extend the time for service. *Id.* Second, absent good cause, the court has discretion to dismiss without prejudice or to extend the time. *Id.* "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Good cause is determined case by case, and "at a minimum, 'good cause' means excusable neglect." *Sheehan*, 253 F.3d at 512 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). The legislative history of former Rule 4(j), the predecessor to Rule 4(m), identifies a defendant's evasion of service as good cause. *Wei v. Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985). Courts also consider whether factors beyond the plaintiff's control prevented timely service. *Id.* at 372.

Courts in this District find good cause where a plaintiff diligently pursues court-authorized subpoenas to identify an anonymous defendant but the identifying information is not available before the service deadline. *Zoosk, Inc. v. Dyle*, No. C 10-04545 LB, 2011 WL 635279, 2011 U.S. Dist. LEXIS 18810, at *4-6 (N.D. Cal. Feb. 11, 2011). In *Zoosk*, the subpoenaed providers' production date fell after the service deadline, and the plaintiff could not identify the defendants despite good-faith efforts. *Id.* at *5-6. The court extended the service deadline and rescheduled the CMC. *Id.* at *6-7.

#### 2. Denuvo Has Shown Good Cause

Denuvo has been diligent at every step. It moved for early discovery eighteen days after filing, narrowed its requests six days after the Court's order to show cause, and delivered the subpoenas promptly once authorized, meeting the diligence demanded by Rule 4(m). Dkt. Nos. 15, 25, 26. Decl. ¶¶ 2-5; *see Wei*, 763 F.2d at 372 (explaining that former Rule 4(j) "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action").

Denuvo's inability to serve Defendant results from factors beyond its control. As in *Zoosk*, the information Denuvo needs is in third parties' hands. Discord's record contains no name, email address, telephone number, or IP address, and Reddit has declined to produce as drafted. Decl. ¶¶ 3, 6-8. Valve's records point to email accounts held by other providers and to IP addresses in many countries, but not to a person or an address for service. *Id.* ¶¶ 9-12. Denuvo cannot serve a defendant it cannot identify at a place it does not know.

Defendant's conduct reinforces good cause. One of the Steam accounts identified in Denuvo's subpoena, created the same day as the Discord account, was deleted on October 16, 2026, the day the Court authorized the subpoenas. Decl. ¶ 11. Denying an extension would reward Defendant for avoiding identification. *See Zoosk*, 2011 U.S. Dist. LEXIS 18810, at *6 (finding that dismissal "would reward Defendants for evading service").

The factors that elevate an excuse to good cause also favor Denuvo. Those factors are whether the defendant received actual notice of the lawsuit, whether the defendant would suffer prejudice, and whether the plaintiff would be severely prejudiced by dismissal. *Sheehan*, 253 F.3d at 512. The deletion of a Steam account identified in the subpoena on the day the Court authorized the subpoenas suggests that Defendant has actual notice of this action. Decl. ¶ 11. No defendant would be prejudiced, because none has appeared and the case remains at the pleading stage. Dismissal would severely prejudice Denuvo, which would have to refile and repeat the early discovery the Court has already authorized.

**3. The Court Should Nevertheless Extend the Deadline.**

Even absent good cause, the Court should exercise its discretion. A court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). The prejudice, notice, and eventual-service factors favor an extension for the reasons above. Denuvo will serve Defendant promptly once it obtains identifying information. Decl. ¶ 13.

Courts in this District, including this Court, routinely grant this relief while a plaintiff identifies an anonymous defendant through court-authorized subpoenas. *See, e.g.*, *Strike 3 Holdings,*

*LLC v. Doe*, No. 4:21-cv-06818-HSG, Dkt. No. 11 (N.D. Cal. Nov. 18, 2021) (extending service deadline and continuing initial CMC); *Strike 3 Holdings, LLC v. Doe*, No. 4:25-cv-05458-HSG, Dkt. No. 10 (N.D. Cal. Sept. 22, 2025) (granting *ex parte* application to extend time to serve Doe defendant and continue CMC); *Twitch Interactive, Inc. v. John and Jane Does 1-100*, No. 3:19-cv-03418-WHO, Dkt. Nos. 18, 20 (N.D. Cal. Sept. 12 and Dec. 12, 2019) (twice extending service deadline by 90 days).

A 90-day extension is appropriate because it allows time to evaluate further discovery, including possible follow-on subpoenas relating to the email accounts Valve identified, and to resolve Reddit's objections, including by agreement or through the joint-letter procedure in this Court's Civil Standing Order. Decl. ¶¶ 13-14. It also allows time to serve Defendant once identified, including by alternative means if Defendant is abroad. *Id.* ¶ 13.

The record suggests that Defendant may reside outside the United States. Defendant's published email address is associated with a company based in Switzerland, two of the Steam accounts use Russia-based email services, and most logins to the deleted Steam account came from IP addresses associated with Germany. Decl. ¶¶ 3, 10-11. Rule 4(m)'s time limit "does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)" or to service of certain condemnation notices. Fed. R. Civ. P. 4(m). Because these indicators conflict and Defendant's location is not yet known, Denuvo requests the extension now rather than rely on that exception.

**B. <u>Good Cause Exists to Continue the Initial CMC and Related Deadlines.</u>**

Rule 6(b)(1)(A) permits the Court to extend a deadline for good cause "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires" and Denuvo makes this request before any deadline at issue has expired. Fed. R. Civ. P. 6(b)(1)(A). Civil Local Rule 16-2(d) permits a party to seek relief from the case management schedule by a motion that describes the circumstances, reports on conferring with other counsel, proposes a revised schedule, and notes any ADR changes.

A scheduling order is due within the earlier of 90 days "after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). No defendant has been served or has appeared. Without a defendant, Denuvo cannot hold a Rule 26(f)

conference, exchange initial disclosures, meet and confer on an ADR process, or prepare a joint case management statement. Holding the CMC now would not advance the case.

Courts in this District continue the initial CMC and its related deadlines in these circumstances. *See, e.g.*, *Twitch*, No. 3:19-cv-03418-WHO, Dkt. No. 16 (N.D. Cal. Sept. 3, 2019) (granting administrative motion to continue the CMC and related deadlines); *Strike 3*, No. 4:21-cv-06818-HSG, Dkt. No. 11 (continuing initial CMC); *Zoosk*, 2011 U.S. Dist. LEXIS 18810, at *6-7 (rescheduling CMC when extending service deadline).

Denuvo asks the Court to set each ADR-related deadline expressly. When the CMC date changes, the deadlines in the scheduling order "are adjusted accordingly unless otherwise ordered." Dkt. No. 5 at 2; Civil L.R. 16-8(b); ADR L.R. 3-5(b). Denuvo understands that the reset of the CMC to January 12, 2027 therefore moved the ADR Certification and the Rule 26(f) meet and confer to December 22, 2026. Dkt. Nos. 12, 17. The reassignment order, however, stated that ADR compliance deadlines "remain unchanged." Dkt. No. 11. To avoid any uncertainty, Denuvo asks the Court to set the ADR and Rule 26(f) meet and confer, and the ADR Certification, for 21 days before the continued CMC. Denuvo also requests that the Court defer any ADR referral until a defendant appears. Because no opposing party exists, the case "is not ripe for an ADR referral" and the Court may "defer making an ADR referral" until it is. ADR L.R. 3-5(d)(3).

Denuvo has complied with Civil Local Rule 16-2(d). Denuvo could not confer with opposing counsel or seek a stipulation because no defendant has been identified, served, or appeared. Decl. ¶ 16. Denuvo proposes the revised schedule below, which keeps the ordinary spacing between the CMC and each related deadline. Denuvo has made no prior request to change any deadline, and no trial or other dates have been set. *Id.* ¶ 17.

| **Event** | **Current deadline** | **Proposed deadline** |
|---|---|---|
| Serve Defendant voices38 and Does 1-10 (Fed. R. Civ. P. 4(m)) | December 14, 2026 | March 15, 2027 |
| Meet and confer regarding initial disclosures, early settlement, ADR process selection, and discovery plan, and file any ADR Certification not yet filed | December 22, 2026 (Dkt. Nos. 5, 12, 17) | March 23, 2027 |

| Event | Current deadline | Proposed deadline |
|---|---|---|
| Make initial disclosures and file joint case management statement | January 5, 2027 (Dkt. Nos. 5, 12) | April 6, 2027 |
| ADR stipulation form (Civil Standing Order ¶ 13) | January 5, 2027 | Deferred until a defendant appears |
| Initial CMC | January 12, 2027, 2:00 p.m. (Dkt. Nos. 12, 17) | April 13, 2027, 2:00 p.m., or a later date convenient to the Court |

Denuvo proposes April 13, 2027 because it falls approximately four weeks after the extended service deadline. Denuvo will appear on any later date convenient to the Court.

## IV. CONCLUSION

Denuvo respectfully requests that the Court extend the deadline to serve Defendant voices38 and Does 1-10 to March 15, 2027. Denuvo further requests that the Court continue the initial CMC to April 13, 2027 at 2:00 p.m., or a later date convenient to the Court, reset the related deadlines as proposed above, and defer any ADR referral until a defendant appears.

Dated: November 25, 2026

**HG LAW LLP**
Gregory J. Lundell
Donny K. Samporna

and

**WORKMAN NYDEGGER**
Brian N. Platt *(pro hac vice)*
Ryan C. Morris *(pro hac vice)*

By: */s/ Donny Samporna*
Donny K. Samporna
Attorneys for Plaintiff Denuvo GmbH